PATRICK FOWLER *vs.* THE UNITED STATES.

In contemplation of the Indian Intercourse Act of June 30, 1834, and the amendment of March 3, 1847, Washington Territory is Indian Country.

The latter act does not repeal the former; but the second section adds the penalty of imprisonment.

Imprisonment is imposed in criminal proceedings, while the fine can only be collected in a civil action.

ERROR to the Third Judicial District holding terms at Steilacoom.

Opinion by LANDER, Chief Justice.

In this case the prisoner, Patrick Fowler, was tried and convicted at the November term of the District Court for the county of Pierce, on an indictment charging him with selling and giving spirituous liquors to Indians, and sentenced to be imprisoned for the space of one hour, and to make his fine to the United States in the penal sum of five hundred dollars, and remain and be in the custody of the Marshal until the said fine and the costs of the prosecution be paid or until discharged by proper authority.

The prisoner prosecutes a writ of error to this Court and contends that, as shown by the record, the jury was not duly elected, tried and sworn to try the issue joined between the parties, and that the Court below erred in including in the sentence a fine of five hundred dollars.

The record in this case shows that the jury were duly elected, tried and sworn, which we think was sufficient.

The law regulating trade and intercourse with the Indian tribes east of Oregon, or such provisions of the same as may be applicable, are extended over the Indians tribes in the Territory of Oregon, by the 5th section of the act of June 5, 1850, author-

izing the negotiating of treaties with the Indian tribes in the Territory of Oregon and for other purposes.

At that time the present Territory of Washington was included within the boundaries of the Territory of Oregon.

The provisions of the Indian Intercourse Law punishing the selling and giving spirituous liquor to Indians seem to us to be applicable to the condition of the tribes in this Territory, and are as follows :

The 20th section of the act passed June 30, 1834, (*vide* Statutes at Large, Sec. 20,) regulating trade and intercourse with the Indian tribes, provides that, "if any person shall sell, exchange or give, barter or dispose of any spirituous liquor or wine to an Indian in an Indian country, such person shall forfeit and pay the sum of five hundred dollars," and in the twenty-seventh section provides that "all the penalties which shall accrue under this act, shall be sued for and recovered in an action of debt in the name of the United States."

The twentieth section of the act above referred to, is amended by the second section of the act passed March 3, 1847, and it is then provided in the following language: " That the twentieth section of the 'act to regulate trade and intercourse with the Indian tribes and to preserve peace on the frontiers,' be and the same is hereby so amended, that in addition to the fines thereby imposed, every person who shall sell, exchange or barter, give or dispose of any spirituous liquor or wine to an Indian in an Indian country, such person on conviction thereof before the proper District Court, shall be subject to imprisonment—in this case, for a period not exceeding two years."

This amendment does not in express terms, or by implicacation, repeal any portion of the act regulating trade and intercourse with the Indian tribes; in its terms it adds to the penalties imposed by the twentieth section of that act, the further punishment of imprisonment.

We think the imprisonment can only be inflicted after indictment found and conviction under it, and that by the twenty-

seventh section of the act of 1834, the penalty of five hundred dollars can only be recovered by an action of debt.

The Court erred in sentencing the defendant to make his fine to the United States in the sum of $500, and to remain in the custody of the Marshal until the said fine and costs of the prosecution be paid, or until discharged by proper authority, and as he has served out his hour of imprisonment the judgment will be reversed, and the prisoner discharged from the custody of the Marshal.